**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBORAH A. GRIFFIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 06-CV-25-FHM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security Administration,[1] ) | |
| ) | |
| DEFENDANT. ) | |

## ORDER

Plaintiff, Deborah A. Griffin, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d

---

[1]  On February 1, 2007, Michael J. Astrue was confirmed as Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart the former Commissioner, as defendant in this case. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  Plaintiff's June 18, 2003 application for Supplemental Security Income and July 7, 2003 application for Disability Insurance benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 1, 2005. By decision dated March 25, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on November 14, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

      Plaintiff was born January 1, 1961, and was 44 years old at the time of the hearing. [R. 97, 376]. She claims to have been unable to work since April 1, 2000, due to pain and muscle spasms in her neck, both shoulders, arms, stomach, chest and back, weakness in both legs, migraines, cramping and swelling in both hands and feet and depression. [R.380-392, 400]. The ALJ determined that Plaintiff has severe impairments consisting of chronic neck pain, trapezius muscle spasms and chronic left shoulder strain secondary to surgery. [R. 26] He found, however, that Plaintiff retains the residual functional capacity (RFC) to lift/carry 20 pounds occasionally or 10 pounds frequently, stand/walk or sit for 6 hours during an 8-hour workday, with limited reaching, unable to reach repeatedly or overhead with her left arm. [R. 29]. He determined that Plaintiff's past relevant work (PRW) as a cafeteria server and hotel/motel housekeeper did not require performance of restricted activities and also found, alternatively, that there were other jobs in the economy in significant numbers that Plaintiff could perform with that RFC. [R. 29]. He found, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 30]. The case was thus decided at both step four and step

five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ erred by: 1) failing to perform a proper determination at steps 2 and 3; 2) failing to fully and fairly develop the record; 3) failing to perform a proper credibility determination; 4) failing to perform a proper evaluation of the treating physician's opinion; and 5) failing to perform a proper determination at step 5. [Plaintiff's Brief, p. 2]. For the reasons discussed below, the Court reverses and remands the decision of the Commissioner.

## **Step Two / Mental Impairment**

Plaintiff claims the ALJ's stated reason for his step two finding that Plaintiff's depression is not severe is contrary to the medical record. In his decision, the ALJ stated that the medical records prior to May 19, 2004 "are devoid of mental health treatment or even a diagnosis of depression or other mental impairment." He reported that Plaintiff did not appear to mention mental or emotional difficulties to the physician who evaluated her on behalf of the agency. He also cited the PRT findings of an agency consultant who concluded there was no medically determinable mental impairment on December 15, 2003. [R. 26].

Pointing to a report from Morton Comprehensive Health Services (Morton) [R. 291], Plaintiff contends the ALJ ignored substantial evidence of her severe mental impairment at step 2. That report, dated February 24, 2004, does indeed reflect a diagnosis of "depression" after a reported history of sadness and crying since the death of Plaintiff's mother a year before. *Id.* Plaintiff denied suicidal ideations and refused

3

antidepressants. Follow-up with Dr. DeFelice in two to four weeks was recommended "for depression and recheck of shoulder pain." [R. 291]. Plaintiff also directs the Court's attention to the report of Angelo Dalessandro, D.O., the physician who examined Plaintiff on behalf of the Social Security Administration on September 10, 2003. [R. 260-266]. Dr. Dalessandro noted Plaintiff's "affect is flat" and, in the "Review of Systems" section of his report, Dr. Dalessandro wrote: "Nervousness and depression do occur." [R. 261].

Thus, the ALJ's statement that the record contains no evidence of a medically determinable mental impairment prior to May 19, 2004, is incorrect. This misstatement alone, however, does not necessitate reversal of the ALJ's determination. *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988) (The mere diagnosis of an impairment or condition is not sufficient to sustain a finding of disability). At step two, the claimant must establish the existence of an impairment that would have more than a minimal effect on his ability to do basic work activities. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997) (following *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)); see also 20 C.F.R. § 404.1521.

However, the evidence in the record relating to Plaintiff's diagnosis and treatment of depression after May 19, 2004, is substantial and warranted consideration and discussion by the ALJ. That evidence consists of the following:

Plaintiff sought treatment for severe depression at Family & Children's Services on May 19, 2004. [R. 330-333]. She reported problems dealing with her "evil family," the anniversary of her mother's death, her husband's impending surgery, finances and was having thoughts of suicide. [R. 330]. Her emotional symptoms were assessed

as sadness, anger, anxiety, isolating too often and crying a lot. [R. 329].  She received bi-weekly, individual therapy from that date through November 30, 2004. [R. 334].  On December 10, 2004, Plaintiff's counselor wrote a letter describing Plaintiff's physical and emotional complaints as: "depression, crying, shaking, muscle spasms, and frequent isolation to the point that she doesn't leave her house and frequently does not leave her bedroom." [R. 328].  In an addendum to that letter, dated January 7, 2005, the counselor reported a diagnosis of Major Depressive, Recurrent Severe without Psychotic Features. [R. 335].[3]  She assigned a GAF of 52[4] and described Plaintiff's limitations in ability to maintain attention and concentration and to complete a normal workday and workweek as severe. [R. 335].  She handwrote the following comment:

> Client is not employed.  However, based on client report during appointments, and observations made during appointments, prognosis is poor to be able to be adequately productive in the work setting.

[R. 335].  On January 13, 2005, Plaintiff reported to her physician at Morton that she felt suicidal. [R. 339].

In light of this evidence, the ALJ's failure to include depression as a severe medically determinable impairment in his findings at step two is error.  This step

---

[3] Counsel for the Commissioner argues that a therapist does not qualify as an "acceptable medical source" under 20 C.F.R. 404.1513(a).  However, the regulation also provides that opinions of therapists, who are specifically identified in the list of "other sources" may be used to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. 404.1513(d).  The ALJ was required, therefore, to consider and address this medical evidence.

[4] A global assessment of functioning (GAF) score "is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." A GAF score of 51-60 indicates moderate symptoms, such as a flat affect, or moderate difficulty in social or occupational functioning. American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. 2000) (DSM-IV-TR).

requires only a "*de minimis*" showing of impairment by the claimant. *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir.1997)(citing *Williams*, 844 F.2d at 751).  Clearly, Plaintiff has met that showing.

Counsel for the Commissioner argues that the evidence provided by Plaintiff's therapist does not rise to the level of an impairment contemplated by the Social Security Act for entitlement to benefits because: the therapist saw Plaintiff only a few times; the therapist is not an "acceptable medical source" as defined by 20 C.F.R. §§ 404.1513, 416.913(a) and (e); the therapist's opinion was based only upon Plaintiff's subjective statements of situational stressors. [Defendant's brief, p. 4].  Defendant's argument implies the ALJ properly rejected the therapist's opinion that Plaintiff "had a poor prognosis for adjusting adequately and productively in a work setting."  None of those contentions, however, are found anywhere in the ALJ's written decision. *See Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168-69 (1962) (ALJ's decision must be evaluated based solely on the reasons stated in the decision). "Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir.2004).

The ALJ briefly described the medical evidence in the record relating to Plaintiff's "numerous psychological complaints" after May 19, 2004. [R. 26].  He then summarized her testimony regarding her depression. *Id.*  He acknowledged his duty to follow the procedure for evaluating mental impairments as set forth in the regulations and case law and declared that he "has entered findings" that reflect he had complied with those procedures.   The ALJ then wrote:

6

> The undersigned is persuaded that the claimant's depression would not significantly affect her ability to engage in work related activities. It is further concluded that the record establishes the claimant's depression has resulted in mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild deficiencies of concentration, persistence, or pace; and no episodes of deterioration or decompensation of extended duration.

[R. 26].

This is not a sufficient explanation of his findings. Assuming the ALJ found that Plaintiff had a medically determinable mental impairment after May 19, 2004, he was required to employ the "special technique" required by 20 C.F.R. § 404.1520a in evaluating the severity of the impairment. The "special technique" for evaluation of mental impairments as laid out in the regulations requires the agency "to consider ... all relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." *Id.* §§ 404.1520a(c)(1); 416.920a(c)(1). The claimant's impairment is then rated by its effect on four functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* §§ 404.1520a(c)(3); 416.920a(c)(3). The ALJ is required to document his evaluation of these functional factors in the body of his decision, *Id.* §§ 404.1520a(e); 416.920a(e), making specific findings as to the evidence relied upon and the degree of limitation in each of these areas, *id.* §§ 404.1520a(e)(2); 416.920a(e)(2). The written decision issued by the ALJ must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were

considered in reaching a conclusion about the severity of the mental impairment(s). The ALJ did not do so in this case.

The ALJ also failed to adequately develop the record. At the hearing, Plaintiff testified that a physician at Family & Children's Services, where she received counseling, had prescribed Zoloft and that she had an appointment to see another physician there later that month. [R. 402, 405]. There is no indication that the ALJ attempted to obtain records from those physicians before concluding his review of the evidence at step two even though that evidence is obviously material to Plaintiff's claim. "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir.1996); *see also Baker v. Bowen*, 886 F.2d 289, 291-92 (10th Cir.1989); 20 C.F.R. § 416.1444. The ALJ also has the power to subpoena such records if necessary. *Baker*, 886 F.2d at 292; 20 C.F.R. § 416.1450(d)(1). If additional records either do not exist or are insufficient to clarify the inconclusive evidence already in the record, then the ALJ should order a consultative examination. See 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 1512(f), 1519a(a)(1).

## **Conclusion**

The ALJ failed to provide sufficient analysis and reasoning to support his determination that Plaintiff did not have a severe mental impairment and his written decision fails to conform to the requirement that the ALJ provide pertinent findings and conclusions based on the "special technique" so that judicial review is both possible and meaningful. *See Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir.1996) (ALJ's

inconsistent findings and failure to conduct analysis with any specificity or clarity allowing for meaningful review requires remand).  Accordingly, this case is REVERSED and REMANDED.  Because the case is remanded for further proceedings at step two, Plaintiff's allegations of error regarding the ALJ's findings at subsequent steps are not addressed.

SO ORDERED this 21st day of February, 2007.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE