IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DEBORAH A. GRIFFIN,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

        Defendant.

Case No. 06-CV-25-FHM

### ORDER

Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), [Dkt. 24], is before the undersigned United States Magistrate Judge for decision.

On May 30, 2007, the Court entered an Order granting Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2814(d). [Dkt. 23]. The Order directed that the fees be paid directly to Plaintiff. The Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) requests that the Order be corrected to make the award payable to Plaintiff's counsel, rather than Plaintiff.[1] The motion asserts that this correction is necessary to correct a manifest error of law. Plaintiff asserts that if the check is payable to the Plaintiff, the EAJA attorney fee may be seized by the Department of the Treasury under 31 U.S.C. § 3716. (that section permits an agency to apply an administrative offset to sums being disbursed by the Department of the Treasury for payment of certain outstanding debts). There is no assertion there is any reason to believe a seizure under §3716 will occur in this case.

---

[1] The motion is styled as Plaintiff's motion. However, the second sentence of the motion states that it is counsel's request that the Order be altered to pay the fee directly to counsel.

The Commissioner asserts that its usual practice is to make checks for EAJA fees payable to the Plaintiff in care of the attorney and to mail the checks to the attorney's address.[2] A copy of a check paid in this manner to Plaintiff's attorney in another case was submitted as an exhibit. [Dkt. 28-2]. The Commissioner argues that the language of the EAJA statute supports this practice, as the EAJA statute provides for payment of fees to the prevailing party, namely Plaintiff, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A) [emphasis supplied].

The term "prevailing party" refers to Plaintiff, not her attorney. *See Weeks v. Independent School District No I-89*, 230 F.3d 1201, 1213 (10th Cir. 2000) (finding that counsel did not have standing to appeal order reducing costs awardable to "prevailing party" since the client, not the attorney was the "prevailing party"). Since "prevailing party" refers to the Plaintiff, the Court is not persuaded that paying the EAJA fees to Plaintiff in

---

[2] Plaintiff accused the Commissioner of being naive or unknowledgeable when the Commissioner made the following statement: "the check is made payable to Plaintiff in care of her attorney, and it is sent to her attorney's address. Both the Plaintiff and her attorney must sign the check." [Dkt. 26]. According to Plaintiff, in "twenty-five years of practice, Counsel has never received an EAJA check payable to both the attorney and the plaintiff." [Dkt. 27]. The Commissioner's submission of a copy of a United States Treasury check payable to some individual "c/o Timothy White & Associates 2516 East 71st St., Tulsa, Ok.," [Dkt. 25], demonstrates that counsel has indeed received checks payable just as the Commissioner represented. The Court notes that the Commissioner did not represent that the check was made payable to "both the attorney and plaintiff," that phraseology appears to the be the result of counsel's misreading of the Commissioner's statement. The comments about Commissioner's lack of knowledge and sophistication were unwarranted.

care of her attorney is contrary to the language of the statute. The undersigned has considered the authorities cited, and since none of the cases are controlling authority dealing directly with the issue presented, discussion of those cases is not helpful in light of the unambiguous language of the statute.[3]

Furthermore, the argument that some manner of unfairness might result if fees are paid to Plaintiff rather than counsel is academic in this case. There is no indication that Plaintiff will refuse to pay the EAJA award to counsel as Plaintiff has unquestionably assigned her interest in the EAJA fee to her attorney. [Dkt. 25, ¶ 3]. There is no claim that a seizure under 31 U.S.C. § 3716 is likely to occur in this case. Moreover, the court is not inclined to issue an order that might impact the interest of a non-party under 31 U.S.C. § 3716 without giving the non-party an opportunity to be heard. Based on these circumstances, the undersigned sees no reason to engage in the exercise of determining whether there are potentially some circumstances that might warrant a different result.

Counsel has not demonstrated that payment of the EAJA fee to Plaintiff in care of her attorney is contrary to the statute. Nor has it been demonstrated that any unfairness to Plaintiff or her counsel will result from paying the fee in that manner. Therefore, the Court finds that paying the EAJA fees to Plaintiff in care of her attorney will not result in a "manifest error of law."

Based on the foregoing, Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), [Dkt. 24], is DENIED. Plaintiff's Motion to Strike Defendant's Supplemental Exhibit [Dkt. 29] is DENIED.

---

[3] The Court rejects Plaintiff's accusation that the Commissioner was being "deceitful" by submitting a proposed order which directed the payment of fees to Plaintiff rather than counsel.

SO ORDERED this 27th day of July, 2007.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE