**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

DEBORAH A. GRIFFIN,

            Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.

Case No. 06-CV-25-FHM

**OPINION AND ORDER**

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 31] is GRANTED.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On February 21, 2007, the Court remanded Plaintiff's Social Security Disability case to the Commissioner for further administrative action. On remand Plaintiff received a partially favorable decision, which awarded her benefits and which will result in the payment of past due benefits from which Plaintiff's counsel may receive an attorney fee under 42 U.S.C. § 406(b). [Dkt. 31-2]. Counsel represents that, as of the date of filing the instant

motion, the amount of past due benefits has not been calculated and the Notice of Award has not been received.

Plaintiff's counsel requests permission to file a motion for attorney fees under 42 U.S.C. § 406(b) "within sixty (60) days following Counsel's receipt of copies of all the Notice of Awards issued to Plaintiff and his auxiliary beneficiaries and the correct amount of retroactive benefits have been calculated." [Dkt. 31, p. 3]. In response to the instant motion, "[t]he Commissioner declines to assert a position on this request." [Dkt. 32, p. 1]. However, in the next paragraph the Commissioner asks the Court to deny the motion. [Dkt. 32, p. 2]. The Commissioner reasons that granting counsel permission to file a §406(b) motion for fees in the future may impact the Plaintiff's ability to object to the timeliness of that motion. The Commissioner notes that although a partially favorable decision was issued on September 3, 2008, as of the date of the response brief, May 4, 2009, a Notice of Award has not been issued by the Commissioner. [Dkt. 32, p. 2].

To the extent the Commissioner argues that the instant motion should be denied as unripe because the appropriate date from which to measure the timeliness of a motion filed under Fed. R. Civ. P. 60(b)(6) is the date of the Notice of Award, that argument is rejected. The Commissioner's argument is directly contrary to the Tenth Circuit's holding in *McGraw* that the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. 405 F.3d at 505; *see also Early v. Astrue*, 295 Fed.Appx. 916, 919, 2008 WL 4492602 *3 (C.A. 10). To the extent that the Commissioner's response can be read as an objection to the requested order because the time frame for filing a request for fees under §406(b) is open-ended, that objection is also rejected. The instant motion requests a period of 60 days from the date of counsel's receipt of the Notice of Award,

which the Court finds is reasonable. Counsel has no control over the timing of the issuance of the Notice of Award. The issuance of the Notice of Award is a task within the Commissioner's purview and entirely within the Commissioner's control. The Commissioner's delay in issuing that Notice does not present a rational reason for the Court to deny counsel permission to promptly file the motion for fees which is dependent on the issuance the Notice.

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 31] is GRANTED. Counsel is hereby permitted to file a motion for attorney fees awardable under 42 U.S.C. § 406(b) within sixty days of the Notice of Award.

SO ORDERED this 5th day of May, 2009.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE